FRUGÉ, Judge
(dissenting).
I respectfully dissent from the decision rendered by the majority of my brothers in this case.
Viewing the mineral lease contract and the drilling contract as a whole, it appears to this writer that Yates Drilling Company, Inc. accepted the obligation originally imposed by the plaintiff on the mineral lessee to protect his property from any act or omission.
There is no disputing that when plaintiff gave the oil, gas and mineral lease to the mineral lessees he authorized them to enter his premises and do all reasonable and necessary things to drill and produce an oil well. The digging of the mud and water pits was necessary to the drilling of such a well. In return for this, the mineral lessees and the drilling contractor agreed to diligently seek to produce and save oil, gas and other minerals. Further, the lessees, and then by contract the drilling contractor, obligated themselves to pay the lessor-plaintiff all damages caused to plaintiff’s property. Although Yates was not a party to the mineral lease, it cannot be said he was a stranger thereto, and his contract to drill specifically obligates him to hold harmless his principal from any damages occasioned by his acts or by his negligence.
It is this failure to fulfill these provisions of the contract which gave rise to this lawsuit. Defendant Yates Drilling Company, *68 Inc., agreed by contract to be responsible to third parties (namely, plaintiff) on account of property damage arising out of its work in the drilling of the oil well.
The Louisiana Civil Code, by the following articles, clearly shows the liability of parties to a contract entered into for the benefit of a third party:
Article 1890:
“A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract, or onerous donation; and if such third person consents to avail himself of the advantage stipulated in his favor, the contract can not be revoked.”
Article 1902:
“But a contract, in which anything is stipulated for the benefit of a third person, who has signified his assent to accept it, can not be revoked as to the advantage stipulated in his favor without his consent.”
In First State Bank v. Burton, 225 La. 537, 73 So.2d 453, the Supreme Court of Louisiana said:
“The legal result of such a stipulation is to give the party in whose favor it is created ‘another and additional debtor’.”
And at page 457 the same court stated:
“The law does not provide for an express acceptance of or consent to a stipulation pour autrui by the beneficiary nor does it prescribe any particular form of acceptance or consent. In some cases it was held that the appearance of the beneficiary as claimant in a suit before the Court is evidence of acceptance and certainly it would seem, under that jurisprudence that the claim now being asserted by Morris & Kendrick in this proceeding, regardless of any other proof of their assent, is sufficient.”
In this case, Soileau had the right to accept the stipulation in his favor and certainly did so by the institution of this suit.
For the foregoing reasons it is my opinion that the judgment of the trial court was correct, and I respectfully dissent.